**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

UNITED STATES

    v.                                                        CR. No. 11-122-ML

SHELTON SMALLS

**MEMORANDUM AND ORDER**

Petitioner Shelton Smalls ("Smalls"), proceeding *pro se*, has filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, alleging that (1) his Sixth Amendment Rights were violated because the indictment in his case failed to charge specific drug weights; (2) his trial counsel was ineffective because he failed to file a motion to suppress evidence related to firearms seized at Smalls' residence; (3) his appellate counsel was ineffective for not raising the suppression of firearms issue; and (4) his trial counsel gave Smalls "erroneous advice in regard to [the] Armed Career Criminal Act (ACCA)." § 2255 Petition at page 9.

For the reasons stated below, Smalls' motion is denied.

**I. Background and Travel**

Smalls was arrested on April 26, 2011, after two detectives of the Providence Police Department observed Smalls conducting a drug sale in a restaurant parking lot. Smalls and the other individual involved in the transaction were taken to Central Station, where Smalls was advised of his constitutional rights and completed a

written Rights Form. After detectives informed Smalls that they knew where he lived, Smalls admitted that he possessed more cocaine and heroin at his apartment and he completed a "Consent to Search Form." Smalls then accompanied the detectives to his apartment, unlocked a room in which he kept a large safe, and provided the combination number. Inside the safe, detectives found a piece of cocaine base, several bags of heroin, and a bag of cocaine. In addition, detectives found various drug paraphernalia, a number of pills, and cash. In the same room, the detectives also found a revolver, a handgun, and two types of ammunition. Following the search, Smalls provided a formal statement in which he admitted possession of the controlled substances and the firearms. The individual arrested along with Smalls after the drug transaction signed a statement in which he admitted that he had arranged to meet a drug dealer in the restaurant parking lot.

On July 13, 2011, Smalls was indicted by a grand jury for (Count I) possession with intent to distribute heroin, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C); (Count II) possession with intent to distribute cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C); (Count III) being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2); and (Count IV) possession of firearms in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i). (Dkt. No. 9).

On October 11, 2011, Smalls' counsel filed a motion to suppress all evidence and statements obtained during Smalls' April 26, 2011 arrest. (Dkt. No. 14). Following a hearing on November 8, 2011, Smalls' motion was denied. Text Order 11/08/2011.

On November 14, 2011, the government filed (1) a "Notice of Armed Career Criminal" listing five separate convictions, each of which qualified as a serious drug offense under 18 U.S.C. § 924(e)(2)(A) (Dkt. No. 18), and (2) an "Information Charging Prior Conviction" (Dkt. No. 19), listing the same felony drug offenses.[1]

Smalls was tried before a jury on December 7, 2011. On the next day, following closing arguments and the Court's instructions to the jury, Smalls was found guilty on all four counts of the indictment. Minute Entry 12/08/2011. Sentencing was scheduled for March 2, 2012. Smalls subsequently sought to continue sentencing to assess whether his prior convictions qualified him as an armed career criminal. (Dkt. No. 35). Sentencing was moved a second time upon the government's motion in order to obtain certified copies of Smalls' convictions in the State of New York. (Dkt. No. 37).

On April 23, 2012, the government filed a motion to dismiss the information charging prior convictions on the ground that Smalls no longer qualified for sentencing as an armed career criminal. The government noted that Smalls was able to amend one of

---

[1] Two of those convictions occurred in Rhode Island state court in 2004 and 2006, respectively. The other three convictions all occurred on the same day in 1990 in the Bronx County Supreme Court.

his more recent Rhode Island drug trafficking convictions to a simple possession and that one of Smalls' older New York state convictions was entered as a possession offense in the certified records. However, the government also sought an upward departure because Smalls' criminal history category was now substantially underrepresented. (Dkt. No. 43). On his part, Smalls sought a three-level reduction for acceptance of responsibility or, in the alternative, a downward variance in accordance with § 3553(a) factors. (Dkt. No. 42).

On May 30, 2012, Smalls was sentenced to a sentence of 72 months' incarceration for Counts I through III, to run concurrently, and 60 months' incarceration for Count IV, to run consecutively, as mandated by 18 U.S.C. § 924(c).

Smalls appealed his conviction and sentence on June 4, 2012. (Dkt. No. 47). On June 13, 2013, the U.S. Court of Appeals for the First Circuit affirmed both, rejecting (1) Smalls' challenge of the suppression ruling by this Court; (2) Smalls' claim that his conviction for Count IV was not supported by sufficient evidence; and (3) Smalls' claim of ineffective assistance of counsel for failing to discuss the sufficiency claim as part of a Fed. R. Crim. P. Rule 29 motion. With regard to the last ground, the appellate court noted that "no matter the standard of review applied, Smalls cannot demonstrate any prejudice flowing from counsel's failure to pursue the matter." (Dkt. No. 64).

Smalls filed a timely motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (Dkt. No. 66). The government responded with an objection to Smalls' motion (Dkt. No. 68), to which Smalls filed a further reply, (Dkt. No. 70).

**II. Standard of Review**

Pursuant to Section 2255, "[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a).

Relief under Section 2255 is available only if the Court finds a lack of jurisdiction, constitutional error, or a fundamental error of law. See United States v. Addonizio, 442 U.S. 178, 184-84, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979) (holding that "an error of law does not provide a basis for a collateral attack unless the claimed error constituted 'a fundamental defect which inherently results in a complete miscarriage of justice.'")(quoting Hill v. United States, 368 U.S. 424, 428, 82 S.Ct. 468, 471, 7 L.Ed.2d 417 (1962)). A fundamental error of law is a defect "'which inherently results in a complete miscarriage of justice' or 'an omission

5

inconsistent with the rudimentary demands of fair procedure.'" Knight v. United States, 37 F.3d 769, 772 (1st Cir.1994) (quoting Hill v. United States, 368 U.S. at 428, 82 S.Ct. at 471)).

A prisoner seeking relief under § 2255 is procedurally barred from raising issues not presented on direct appeal unless he demonstrates "cause and prejudice ... or, alternatively, that he is actually innocent." Hughes v. United States, 241 F.Supp.2d 148, 152 (D.R.I.2003) (internal quotation marks and citation omitted). Generally, claims of sentencing errors are not cognizable in a § 2255 proceeding absent "exceptional circumstances;" however, a petition does not face the same hurdle for claims of ineffective assistance of counsel regarding sentencing. Knight, 37 F.3d at 773-74.

Under the Sixth Amendment, each defendant is guaranteed the right to effective assistance of counsel. To prevail on a claim of ineffective assistance of counsel, a petitioner must show: that (1) counsel's performance was deficient, *i.e.* "counsel's representation fell below an objective standard of reasonableness;" and (2) the deficient performance prejudiced the defense, *i.e.* "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 688, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). "A failure to show prejudice will suffice to defeat a particular claim, without reference to the level of counsel's

performance." Nguyen v. United States, 230 F.Supp.2d 94, 96 (D.Me.2002).

**III. Discussion**

**A. The Indictment**

Smalls was charged with possession with intent to distribute "a mixture and substance containing a detectable amount" of heroin (Count I) and cocaine base (Count II).[2] Both counts were charged under 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), the latter of which sets forth a maximum sentence of not more than twenty years' imprisonment, but sets no minimum prison terms for the respective offenses. 21 U.S.C. § 841(b)(1)(C). Because Smalls had been previously convicted for a felony drug offense, the possible maximum prison term was raised to thirty years. Id. The jury convicted Smalls for both drug offenses (as well as the firearms related counts) and Smalls received a sentence in accordance with U.S.S.G. sentencing guidelines that fell well below the statutory maximum. No statutory minimum sentence was indicated for either Counts I or II and none was applied. Under those circumstances, Smalls' contention that the amount of drugs had to be determined by a jury is unsupportable. The amounts of the drugs found in Smalls' possession did not constitute an element of the offenses charged in

---

[2] As the government points out, the search of Smalls' residence also revealed cocaine salts as well as Xanax and Suboxone pills, for which Smalls was not charged.

7

the indictment; they were merely factors considered by the Court in sentencing.

**B. Ineffective Assistance by Trial Counsel**

Smalls contends that his trial counsel was ineffective for two reasons: (1) counsel failed to make a particular argument when attempting to suppress evidence of the firearms founds in Smalls' apartment; and (2) he gave erroneous advice to Smalls regarding the Armed Career Criminal Act (ACCA).

No lengthy discussion is required for the second of those arguments. At the time the government filed the "Armed Career Criminal Notice" (Dkt. No. 18), Smalls' criminal history reflected convictions for two prior serious drug offenses in Rhode Island, and convictions for three such offenses in New York State. Accordingly, the advice Smalls' counsel allegedly gave to his client regarding the impact of those convictions under the ACCA would have been accurate. Subsequently, Smalls' counsel was successful in amending one of Smalls' Rhode Island drug trafficking convictions to simple possession. Because one of Smalls' New York convictions had been entered as a possession offense in the certified records, Smalls no longer qualified as an armed career criminal and the government moved to dismiss the information charging prior convictions. In other words, efforts by Smalls' counsel on behalf of his client resulted in a significant reduction of the sentence Smalls would have received under the ACCA.

8

Secondly, Smalls contends that his counsel provided ineffective assistance because evidence of firearms located during the search of Smalls' residence was not suppressed.

The record of Smalls' prosecution reflects that Smalls' counsel filed two separate motions to suppress: (1) a motion to suppress statements and search, including "any and all fruits of said arrest and search" for lack of probable cause (Dkt. No. 14); and (2) a second motion to suppress "all evidence" on the ground that Smalls' consent to the search was not freely and voluntarily given (Dkt. No. 25). The Court conducted two separate hearings on Smalls' motions, both of which were denied. Hearing Transcript from November 8, 2011 (Dkt. No. 57) and Hearing Transcript from December 6, 2011 (Dkt. No. 62).

Smalls now suggests, for the first time, that the consent he gave for the search of his residence did not extend to the firearms that were located in the course of the search. The "Consent to Search" form (Dkt. No. 27, Page 11 of 11) signed by Smalls and upheld by this Court after Smalls' challenge thereof, explicitly authorized the detectives to "conduct a complete search of my premises and/or vehicle described as [Smalls' Address]" and gave them permission "to take any letters, papers, or other property from my premises and/or vehicle." Based on the testimony provided by Smalls and the two detectives at the hearing on Smalls' second motion to suppress all evidence, including the firearms, the Court

9

determined that the consent to search his residence was "freely and voluntarily provided on the part of the Defendant." TR 12/06/11 at 73:14-17. In his testimony, Smalls agreed that he was cooperative and helpful in the search and that he did not tell the detectives anything about the guns because they never asked him about the guns. Id. at 63:16-20. Nowhere did Smalls assert that his consent was intended to be limited or that he attempted to withdraw his consent in the course of the search.

Under those circumstances, the Court finds that Smalls has failed to establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," Strickland, 466 U.S. at 694, 104 S.Ct. at 2068, or that his claim of an unreasonable search and seizure with respect to the firearms has any merit. Moreover, the trial record supports that Smalls had the benefit of excellent assistance of counsel who saw him through two suppression hearings, a jury trial, and the sentencing phase, during which counsel was able to help Smalls avoid a 15-year minimum sentence under the ACCA.

### C. Ineffective Assistance by Appellate Counsel

Finally, Smalls contends that he received ineffective assistance of counsel from his appellate counsel. Specifically, Smalls asserts that he requested that his appellate counsel pursue Smalls' newly conceived suppression challenge of the seized firearms and that counsel informed him that the issue could not be

raised before the Appellate Court because the trial court did not have an opportunity to review it. The Judgment of the First Circuit Court of Appeals reveals that Smalls' appellate counsel raised three separate issues on appeal: (1) this Court's determination that Smalls had voluntarily consented to the search of his residence; (2) that Smalls' conviction for possessing a firearm in furtherance of a drug trafficking crime was not supported by sufficient evidence; and (3) that trial counsel provided ineffective assistance by failing to raise a Fed. R. Crim. P. Rule 29 motion at the conclusion of the government's case. The Appellate Court rejected all three of Smalls' grounds for his appeal. (Dkt. No. 64).

"The rule in this circuit is that a fact-specific claim of ineffective legal assistance cannot be raised initially on direct review of a criminal conviction, but must originally be presented to the district court." United States v. Grace, 367 F.3d 29, 37 (1st Cir.2004) (internal quotation marks omitted). However, the appellate court will deviate from this rule "where the critical facts are not genuinely in dispute and the record is sufficiently developed to allow reasoned consideration of an ineffective assistance claim." United States v. Natanel, 938 F.2d 302, 309 (1st Cir.1991). Smalls' claim does not fit into that category; on the contrary, the record reveals that Smalls consented to a search of his entire residence and that he never raised the issue of having

limited his consent in any way. Accordingly, Smalls' appellate counsel could not have raised this issue during his direct appeal and Smalls suffered no prejudice as a result.

**IV. Conclusion**

For all of the foregoing reasons, Smalls' motion to vacate, set aside, or correct his sentence is DENIED and DISMISSED.

**Ruling on Certificate of Appealability**

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings for the United States District Courts, this Court hereby finds that this case is not appropriate for the issuance of a certificate of appealability because Smalls has failed to make "a substantial showing of the denial of a constitutional right" as to any claim, as required by 28 U.S.C. § 2253(c)(2).

Smalls is advised that any motion to reconsider this ruling will not extend the time to file a notice of appeal in this matter. See Rules Governing § 2255 Cases, Rule 11(a).

SO ORDERED.

/s/ Mary M. Lisi

Mary M. Lisi
United States District Judge

December 11, 2014